PROB 12C (7/93)

Case 3:04-cr-00117-JKS   Document 29   Filed 01/10/2008   Page 1 of 5

RECEIVED
JAN 10 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# United States District Court
## for the
## District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: H. Christopher Nelson              Case Number: A04-117 CR (JKS)

Sentencing Judicial Officer:     James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:       January 19, 2005

Original Offense:                Use of Social Security Number Obtained by Providing False Information (Two Counts)

Original Sentence:               15 months jail, three years supervised release

Date Supervision Commenced:      July 17, 2006

Asst. U.S. Attorney: Thomas Bradley              Defense Attorney: Sue Ellen Tatter

---

### PETITIONING THE COURT

[X]   To issue a warrant
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that On or about December 19, 2007, the defendant consumed alcohol, providing a breath sample of .090. This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that on January 7, 2008, the probation office received notification from the Salvation Army Clithroe Center (SACC) that the defendant has failed to show for his last four treatment classes. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender    :    H. Christopher Nelson*
*Case Number         :    A04-117 CR (JKS)*

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 3 in that he was instructed to report daily for a breath test, starting December 20, 2007. The defendant showed on December 20, 21, and 27, 2007. The defendant has not shown at the U.S. Probation office since December 27, 2007. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 3 in that the defendant was instructed to pay restitution in the amount of 10% of his gross income or $25.00 a month, whichever was greater. The defendant has failed to make a restitution payment since January, 2007. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]    The conditions of supervised release should be modified as follows:

Respectfully submitted,

REDACTED SIGNATURE
Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: January 8, 2008

Approved by:

REDACTED SIGNATURE

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

    [X]    The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial

*Petition for Warrant or Summons*
*Name of Offender       :       H. Christopher Nelson*
*Case Number            :       A04-117 CR (JKS)*

appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   Other:

REDACTED SIGNATURE

f∪/ James K. Singleton
Senior U.S. District Court Judge

*1-9-08*

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A04-117 CR (JKS) |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| H. Christopher Nelson ) | |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for H. Christopher Nelson, and in that capacity declare as follows:

On January 19, 2005, the defendant was sentenced for two counts of Use of Social Security Number Obtained by Providing False Information to a term of 15 months jail and three years supervised release. On or about July 17, 2006, the defendant started his term of supervised release. Some of the defendant's conditions of release included that he refrain from possession alcohol to intoxication, submit to drug/alcohol testing, enter into and complete any recommended alcohol/drug treatment program, and follow any direct instructions of the probation officer.

The defendant has an extensive history of alcohol related offenses, including multiple DUI convictions. Prior to the defendant's release from custody, this officer attempted to have the defendant's supervision modified to include not to possess or consume any alcoholic beverage. The defendant declined to consent to that modification.

Between July 17, 2006 and July 31, 2007, this officer had several contacts with the defendant where it was clear he had been consuming alcohol, but could not determine to what extent. However, on July 30, 2007, the defendant was arrested for assaulting his wife. The defendant was also very intoxicated on this day, clearly above the legal limit of .08. The defendant later plead guilty to the assault, agreeing at that time to modify his supervision to include no possessing/consuming alcohol. The defendant also agreed to complete 90-120 days in the Community Corrections Center (CCC) and to enter into and complete an alcohol/drug treatment program. The defendant was assessed on August 16, 2007 and started the treatment program on September 4, 2007.

On December 14, 2007, the defendant was released from the CCC. On December 17, 2007, I received a call from the defendant's wife, informing that the defendant was intoxicated again

and had stolen her truck. On December 18, 2007, the defendant failed to show for a scheduled urine test and failed to contact this officer as directed. On December 19, 2007, the defendant appeared at the U.S. Probation Office. It was obvious that he had been consuming alcohol. The defendant provided a breath sample of .090 and admitted to consuming alcohol the night before.

Due to the defendant's missed UA's, failing to return the probation officer's telephone messages, and his continued alcohol consumption, he was instructed to report daily for a visual observation and possible breath tests. The defendant showed for three days (December 20, 21, and 27, 2007. The defendant failed to appear on December 28, 2007, as well as January 2,3, 4, 7, and 8, 2008.

On August 16, 2007, the defendant obtained an alcohol/drug assessment at Salvation Army Clithroe Center (SACC) which diagnosed the defendant as dependant to alcohol and recommended an intensive outpatient treatment program. The defendant has failed to follow his recommended treatment program, consuming alcohol while in the program and failing to attend his treatment sessions.

In addition, at sentencing, the defendant was ordered to pay restitution in the amount of $13,562.04. The defendant signed an agreement to pay 10% of his gross wages or $25.00 a month, whichever was greater. The defendant has not made a restitution payment since January, 2007.

Executed this 7th day of January, 2008, at Anchorage, AK., Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE
_____
Travis Lyons
U.S. Probation Officer
District of Alaska